# In the United States District Court for the Southern District of Georgia Waycross Division

HARVEY O.J. SIMPSON, SR.;
JAKIMA SIMPSON; and HARVEY
O.J. SIMPSON, JR.;

Plaintiffs,

v.

5:13-CV-32

COFFEE COUNTY SCHOOL DISTRICT,

Defendant.

## ORDER

Before the Court in this civil-rights suit is Defendant Coffee County School District's ("Coffee County") Summary Judgment Motion, dkt. no. 87. The Motion will be **GRANTED**.

## BACKGROUND

Much of the factual background of this case can be found in the Court's order at dkt. no. 81. Briefly, Plaintiffs Harvey O.J. Simpson, Jr. and his parents, Jakima Simpson and Harvey O.J. Simpson, Sr. ("Simpsons"), sued Coffee County. Id. at 2. A Coffee County school resource officer had seen Harvey O.J. Simpson, Jr. touch a white female's breast with a water bottle, and the school's principal saw this on surveillance video. Id. Believing the touching to have been sexual, the principal ordered the officer to investigate. Id.

Afterward, Harvey O.J. Simpson, Jr. talked with the assistant principal, was given a discipline report describing the accusation against him and saying he would be suspended, and refused to sign it. Dkt. No. 57-1 at 14:11-15:10. His parents then visited the school, but at first, the officer could not find the video. Dkt. No. 81 at 2. He allegedly asked them to wait outside his office, they refused, and he supposedly threatened them with a Taser, handcuffs, and jail. Id. at 2-3. As the Simpsons were walking out of the office, Jakima Simpson argued with the officer and tried to push the door back toward him, the officer closed the door, and Jakima Simpson stumbled forward. Id. at 3. After this, the Simpsons saw the video. Dkt. No. 57-2 at 65:22-66:12, 71:8-11, 80:2-8. The Simpsons claim that the female who was touched was allowed to see it earlier, whereas Harvey O.J. Simpson, Jr. had to wait for his parents to arrive. Id. at 40:3-10.

The Simpsons sued several defendants on April 8, 2013. Dkt. Nos. 1, 31. The last one left is Coffee County, which is allegedly liable under 42 U.S.C. § 1983 ("Section 1983") for violating equal protection and procedural due process. See generally Dkt. Nos. 31, 81; see Dkt. No. 89 at 5-7. It moved for summary judgment on November 21, 2016. Dkt. No. 87. The Simpsons responded on December 5 and 7, 2016. Dkt. Nos. 89-90. The motion is now ripe for disposition.

AO 72A
(Rev. 8/82)

## LEGAL STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The court must view all evidence most favorably to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The movant must demonstrate the absence of a genuine issue of material fact by showing the court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). If it does so, the nonmovant must go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257. It can do so in two ways: First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by

AO 72A
(Rev. 8/82)

the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex, 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117.

Where the nonmovant instead attempts to carry this burden with nothing more "than a repetition of [her] conclusional allegations, summary judgment for the defendants [is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981).

## DISCUSSION

The Simpsons have not created a genuine issue of material fact as to vicarious liability, equal protection, procedural due process, punitive damages, or attorneys' fees, and so Coffee County's motion must be granted.

### I. COFFEE COUNTY IS NOT VICARIOUSLY LIABLE FOR THE OFFICER.

The Simpsons claim that Coffee County is vicariously liable for the school resource officer's actions. Dkt. No. 89 at 5; see also id. at 6 (alleging Coffee County's liability for officer's supposed use of excessive force, without pointing to policy, custom, hiring, training, supervision, awareness, or other direct wrongdoing). But "vicarious

4

AO 72A
(Rev. 8/82)

liability is inapplicable to Bivens and § 1983 suits" like this one, so Coffee County is entitled to summary judgment on this claim. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

**II. THE SIMPSONS' EQUAL PROTECTION CLAIM FAILS.**

The Simpsons next claim that Coffee County violated their equal protection rights because (1) Harvey O.J. Simpson, Jr. was not allowed to watch the video by himself, whereas the female who was touched could, and (2) the officer "used excessive force and violated known standards." Dkt. No. 89 at 6. Coffee County is entitled to summary judgment even if both of these facts are true. Regarding who got to see the video when, the Simpsons need to show that Harvey O.J. Simpson, Jr. and the female were "similarly situated." Roy v. Fulton Cty. Sch. Dist., 288 F. App'x 686, 688 (11th Cir. 2008) (per curiam) (unpublished opinion). They cannot. Harvey O.J. Simpson, Jr. was accused of wrongdoing, whereas the female was not. It makes sense that Coffee County would wait until parents were present before reviewing evidence with a student suspected of wrongdoing, but not before reviewing evidence with witnesses. This is not evidence of unequal protection.

Neither is the officer's alleged use of force against the Simpsons, because there is no evidence that he "encountered white [people] under the same or similar circumstances and did not use the same or similar force," or that Coffee County knew

AO 72A
(Rev. 8/82)

of any such differential treatment. <u>McElroy v. City of Birmingham</u>, 903 F. Supp. 2d 1228, 1254 (N.D. Ala. 2012). Thus, Coffee County is entitled to summary judgment as to equal protection.

## III. THE SIMPSONS' PROCEDURAL DUE PROCESS CLAIM FAILS.

The Simpsons claim that Coffee County did not afford procedural due process because "[t]he decision to suspend [Harvey O.J.] Simpson[, Jr.] was already made before he was called into the office" and the officer "influenced" this decision. Dkt. No. 89 at 7. But "once school administrators tell a student what they heard or saw, ask why they heard or saw it, and allow a brief response"—as Coffee County did here, dkt. no. 57-1 at 14:11-15:10; dkt. no. 81 at 2-3—due process is satisfied. <u>Roy</u>, 288 F. App'x at 687 (quoting <u>C.B. by & through Breeding v. Driscoll</u>, 82 F.3d 383, 386 (11th Cir. 1996) (discussing <u>Goss v. Lopez</u>, 419 U.S. 565 (1975))). Thus, Coffee County is entitled to summary judgment.

## IV. THE SIMPSONS' PUNITIVE DAMAGES CLAIM FAILS.

The Simpsons claim that Coffee County is liable for punitive damages. Dkt. No. 89 at 7. Coffee County is entitled to summary judgment on this claim because, if for no other reason, there is no evidence that it acted with "evil motive or intent," or "reckless or callous indifference to the

AO 72A
(Rev. 8/82)

federally protected rights of [the Simpsons]." Smith v. Wade, 461 U.S. 30, 56 (1983).

**V. THE SIMPSONS' ATTORNEYS' FEES CLAIM FAILS.**

Finally, the Simpsons seek attorneys' fees. Dkt. No. 89 at 7. But in Section 1983 actions, these are only available to the prevailing party. 42 U.S.C. § 1988(b). The Simpsons did not prevail, so Coffee County is entitled to summary judgment here, too.

## CONCLUSION

For the reasons above, Coffee County's Summary Judgment Motion (Dkt. No. 87) is **GRANTED**.

**SO ORDERED**, this 13th day of January, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA